## WASHINGTON CLEANING & DYEING CO. v. CLEANERS', DYERS' & PRESSERS' UNION, LOCAL NO. 17,920, et al.

Circuit Court of Appeals, Eighth Circuit. September 16, 1929.

No. 8578.

Edward C. Schneider, of St. Louis, Mo. (James T. Roberts, of Kansas City, Mo., on the brief), for appellant.

Marvin E. Boisseau, of St. Louis, Mo. (Morris G. Levinson and Adrian M. Levinson, both of St. Louis, Mo., on the brief), for appellees Cleaners', Dyers' & Pressers' Union, and others.

Joseph C. Hopewell, of St. Louis, Mo. (James A. Ryan, of St. Louis, Mo., on the brief), for appellees Cleaners' & Dyers' Association of St. Louis and others.

Before STONE, BOOTH, and GARDNER, Circuit Judges.

STONE, Circuit Judge. This is an action to enjoin a secondary boycott. From denial of a temporary injunction this appeal is brought.

The complainant is engaged in the wholesale dyeing and cleaning business in St. Louis. It does not deal directly with the customer, but through 150 retail establishments from which it receives garments and with which it has service arrangements. Because of labor troubles, a boycott was attempted by defendants, or some of them, against plaintiff through pressure brought upon certain of the retailers with which it had business relations.

Several of the returns raised the issue of the jurisdiction of the court and of the "clean hands" of plaintiff because, it was alleged, the acts complained of and the situation from which they were alleged to arise existed while the plaintiff was incorporated as a Missouri corporation, and that it had organized a Delaware corporation solely for the purpose of invoking the jurisdiction of the federal court, and that such incorporation was fraudulent. Concerning this, the court, in denying the temporary injunction, said[1]:

"The extent, nature, and local quality of complainant's business, as well as the very short period elapsing between incorporation and the bringing of this action, create a very strong inference of fact, or, at least, an inference of fact greater than a mere suspicion that complainant went to Delaware and became incorporated there for the sole purpose charged by numerous of the defendants.

"The application for a temporary injunction, which was heard on the return day, was heard wholly on affidavits. Upon the troublesome question already referred to, the countervailing affidavit of complainant is not satisfactory, even, though I am familiar with the rule laid down in Amalgamated Clothing Workers of America, Local Union No. — v. Curlee Clothing Co. (C. C. A.) 19 F.(2d) 439. It may be said, in passing, that the countervailing affidavit of complainant does not at all cover definitely and specifically some of the points germane to the question raised. One of these is, that it does not cover or satisfactorily cover, or cover except by the very broadest inference, the question whether there has been or not a formal transfer from the Missouri corporation to the Delaware corporation of the former's property.

"There exists, it seems to me, an obvious distinction between a great concern, as was the Curlee Clothing Company, doing business in many states of the Union and having perhaps hundreds of shareholders, and a merely local concern, with a mere handful of stockholders and engaged in a merely local business of cleaning and dyeing garments, in a restricted area, only, of a single city.

"So grave is my doubt about the bona fides of this matter that I am disposed to exercise that discretion which ordinarily inheres in a trial court as to granting or re-

---

[1] Orally.

fusing a temporary injunction. I think the entire matter requires further elucidation, which may be had on the trial, of this and other questions involved, on the merits. Therefore, as at present advised, I am disposed to deny the temporary injunction prayed for, and on the ground above stated. In other words, I consider the questions raised so serious and so filled with latent troubles for the future, and the showing made by complainant so lacking in definiteness of assertion, that the final determination of it ought to be upon a full and complete hearing. However, the denial of this temporary injunction shall be without prejudice to a future consideration of the matter should defendants, or any two or more of them, see fit to engage in future acts such as are set out in the affidavits filed on behalf of complainant.

"It is ordered that the temporary injunction prayed for be denied, without prejudice."

Up to time of the Delaware incorporation, the business had been carried on as a Missouri corporation with the same name. After these troubles had developed and on November 2, 1928, the articles of the Delaware corporation were executed, filed, and recorded. November 7, 1928, the license to do business in Missouri issued. November 24, this complaint was filed. The only other evidence regarding this matter is in affidavits of Robert Birenbaum as follows:

In the first affidavit:

"Robert Birenbaum, of lawful age being duly sworn upon his oath deposes and says that he is President of the Washington Dyeing and Cleaning Co., a corporation, organized and existing under the laws of the State of Delaware and has its principal place of business at Wilmington in said State and that said corporation has license to do business in the State of Missouri and is now doing business in the City of St. Louis and State of Missouri, at 5581 Wells Avenue.

"Affiant further states that said corporation has at this time, real estate, machinery, furniture, fixtures, and equipment used in the conduct of its business, aggregating in value, the sum of $40,000.00, that it does approximately $100,000.00 worth of business yearly."

In the second affidavit:

"Robert Birenbaum, of lawful age, being duly sworn upon oath, deposes and says that he was President of the Washington Cleaning & Dyeing Co., a corporation organized and existing under and by virtue of the laws of the State of Missouri, and that on the 7th day of November, 1928, said corporation was duly dissolved, and that the Washington Cleaning & Dyeing Co., Inc., incorporated under the laws of the State of Delaware, filed in the office of the Secretary of State a certified copy of its Certificate of Incorporation, as issued by the Secretary of the State of Delaware on the 2nd day of November, 1928. That thereupon the Secretary of the State of Missouri issued to said Washington Cleaning & Dyeing Co., Inc., a foreign corporation, its license to do business in the State of Missouri, and that attached hereto is complainant's certified copy of its Certificate of Incorporation as issued by the Secretary of the State of Delaware, and a certified copy of its license to do business in the State of Missouri.

"Affiant further states that he was at all times hereinafter mentioned and now is President of the Washington Cleaning & Dyeing Co., Inc., a foreign corporation licensed to do business in the State of Missouri. Affiant further states that prior to the 7th day of November, 1928, the company of which affiant is President, was a member of the St. Louis Cleaners & Dyers Association, Inc., and that it employed nothing but union labor."

Under this showing, we think the court was right in exercising its discretion in acting upon the issuance of a temporary injunction. Whether a full showing would bring appellant within the doctrine of Amalgamated Clothing Workers of America v. Curlee Clothing Co., 19 F.(2d) 439 (this court), cannot be anticipated and cannot now be decided. The hearing was upon affidavits and, as to this question, not satisfactory.

The order should be, and is, affirmed.